

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2007

# Josey v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1877

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Josey v. Beard" (2007). *2007 Decisions.* Paper 614.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/614

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-313                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1877
_____

LEROY JOSEY,

Appellant

v.

CHIEF SECRETARY JEFFREY BEARD; SUPERINTENDENT MARILYN BROOKS;
HEALTHCARE ADMINISTRATOR MAXINE OVERTON;
MR. MARK BAKER, M.D.; DANIEL TELAGA, Ph.A.; TAMMY MOWRY, Ph.A.;
PAUL O'CONNER, DIRECTOR; GEORGE STRUDTMAN, REFERRAL SPECIALIST
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 06-00265)
District Judge: Honorable Sean J. McLaughlin
_____

Submitted For Possible Dismissal Due to a Jurisdictional Defect or Under 28 U.S.C.
§ 1915(e)(2)(B) or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2007
Before:   SLOVITER, CHAGARES AND GREENBERG, CIRCUIT JUDGES

(Filed: August 6, 2007)
_____

OPINION
_____

PER CURIAM

        Appellant, Leroy Josey, appeals from the District Court's denial of his

"Motion for Temporary Restraining Order."

Josey is an inmate currently confined at the State Correctional Institution at Albion, Pennsylvania. His complaint alleges that the facility has failed to provide medical treatment for his chronic Hepatitis C. Shortly after filing his complaint, Josey moved for a temporary restraining order, requesting that the court order immediate treatment. After hearing testimony from both appellant and a physician's assistant at SCI Albion, the Magistrate Judge issued an oral report and recommendation that the motion be denied. The District Court approved this recommendation and denied Josey's timely request for reconsideration.[1]

At the outset, we must determine the nature of the District Court's Order. See Cohen v. Board of Trustees, 867 F.2d 1455, 1466 (3d Cir. 1989) (en banc)("the label put on an order by the district court does not prevent the appellate tribunal from treating it as an injunction for purposes of section 1292(a)(1)." ). As in Page v. Bartels, the nature of the Order in this case is somewhat ambiguous. 248 F.3d 175, 186 (3d Cir. 2001). While the Magistrate Judge characterized the proceedings as relating to a request for a temporary restraining order, she solicited testimony from both sides and applied the well-known four-prong test for preliminary injunctive relief. See Transcript of December 18, 2006, Hearing at 9; Page, 248 F.3d at 186. We will therefore treat this as an appeal from the denial of a preliminary injunction, over which we have jurisdiction under 28 U.S.C. § 1292(a)(1). The District Court's denial of preliminary injunctive relief will be reversed

---

[1] We construe the document submitted on January 23, 2007, and titled "Motion/Letter of Fact" as a motion for reconsideration on the basis of newly discovered evidence.

only if the court "abused its discretion, committed an obvious error in applying the law, or made a serious mistake in considering the proof." <u>Loretangeli v. Critelli</u>, 853 F.2d 186, 193 (3d Cir. 1988).

To obtain a preliminary injunction, the moving party must show "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." <u>Child Evangelism Fellowship of N.J., Inc. v. Stafford Township Sch.</u>, 386 F.3d 514, 524 (3d Cir. 2004)(citation omitted). Here, the Magistrate Judge found that Josey had demonstrated neither a likelihood of success on the merits nor a danger of irreparable harm. The Court's conclusion that appellant likely could not demonstrate deliberate indifference on the part of the defendants was supported by testimony from both appellant and the prison physician's assistant that defendants were, in fact, endeavoring to treat his medical conditions. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976). Nor was it an abuse of discretion to conclude, based on the testimony, that appellant would suffer irreparable harm if the injunction were denied.

Accordingly, we will summarily affirm the District Court's Order. Appellant's "Motion for Transfer to Federal Jurisdiction for Emergency Medical Treatment" is denied.

3